IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JORGE ENRIQUE BEIRIE REYES,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-650-KC |
| § | |
| **WARDEN, ERO EL PASO CAMP** § | |
| **EAST MONTANA et al.,** § | |
| § | |
| Respondents. § | |

## **ORDER**

On this day, the Court considered the case. Raiza Beyries Reyes filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her brother, Jorge Enrique Beirie Reyes.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017). "Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of

the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Beyries Reyes likely meets the second element, as she has a significant relationship with Beirie Reyes and seeks his release.  As for the first element, Beyries Reyes states that Beirie Reyes cannot proceed on his own behalf and file the petition himself "due to his ongoing detention."  Pet. 1.  The Court receives many petitions filed by detainees at the same facility where Beirie Reyes is incarcerated—therefore, the simple fact of his detention, without more, is insufficient to allow him to proceed through a next friend.  The Court thus exercises its discretion to order a supplemental filing to determine whether Beyries Reyes may proceed as "next friend" on behalf of Beirie Reyes.  *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are unclear.  Beirie Reyes was most recently detained on July 16, 2025, during a routine ICE check-in. Pet. ¶ 7.  Before then, on October 5, 2021, he was released under an Order of Release on Recognizance.  *Id.* ¶ 6.  The Petition, however, has been briefed as if Beirie Reyes is subject to a final order of removal.  *See generally id.*; Mem. Law, ECF No. 1.  But the attached Order of Release on Recognizance only shows that removal proceedings were initiated, and the Petition does not include any allegations regarding the conclusion of those proceedings.  *See* Pet. 23; *see generally id.*  Thus, it is unclear whether Beirie Reyes is subject to a final order of removal.  In order to properly assess the merits of the Petition, more information is needed.

Accordingly, the Court **ORDERS** that, **by no later than March 30, 2026**, either:

(1) Beyries Reyes must **FILE** written notice detailing why Beirie Reyes cannot proceed with this petition for a writ of habeas corpus on his own behalf, and clarify:

    a. When Beirie Reyes first entered the country,

    b. Whether immigration authorities detained Beirie Reyes upon initial entry into the country, and

    c. Whether Beirie Reyes is subject to a final order of removal, or

(2) Beirie Reyes must **FILE** written notice expressing his intent to proceed with this petition pro se, and clarify:

    a. When he first entered the country,

    b. Whether immigration authorities detained him upon initial entry into the country, and

    c. Whether he is subject to a final order of removal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Beyries Reyes and Beirie Reyes via certified mail at the following addresses:

Raiza Beyries Reyes
7222 Bellerive Dr #1501
Houston, TX 77036

Jorge Enrique Beirie Reyes
A-216-972-321
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 10th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE